JSV

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 7280 | DATE | 6/2/2004 |
| CASE TITLE | U.S. ex rel. Mauldin v. McAdory | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Petitioner Mauldin's Petition for a Writ of *Habeas Corpus* (doc. # 1-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]. Eugene McAdory, the warden of the Menard Correctional Center, is hereby substituted as the respondent. After careful consideration of the entire record, Petitioner Mauldin's § 2254 petition for a writ of *habeas corpus* [1-1] is DENIED. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN 0 4 2004 | |
| | Notified counsel by telephone. | date docketed | 21 |
| ✓ | Docketing to mail notices. | JXM | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| JHC | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 0 4 2004

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel.<br>ANDRE MAULDIN,<br><br>　　　　　Petitioner,<br><br>v.<br><br>EUGENE McADORY, Warden, Menard<br>Correctional Center,[1]<br><br>　　　　　Respondent. | Case No. 99 C 7280<br><br>Judge William J. Hibbler |

### MEMORANDUM OPINION AND ORDER

Petitioner, Andre Mauldin, a prisoner at the Menard Correctional Center, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, his request for relief under § 2254 is DENIED.

I.　　FACTUAL HISTORY

The Court will presume that the state court's factual determinations are correct for the purposes of habeas review as Mauldin has not provided clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254 (e)(1); *Todd v. Schomig*, 283 F.3d 842, 846 (7th Cir. 2002). The relevant facts established at trial are as follows. On April 17, 1992, a party was held at 6740 South Dorchester Street. Several members of the street gang, Gangster Disciples, attended the party. At

---

[1] Mauldin's petition named James Chrans, the former warden of the now defunct Joliet Correctional Center, as the respondent. Mauldin is currently incarcerated at the Menard Correctional Center. Accordingly, Eugene McAdory, the warden of that facility, is hereby substituted as the respondent. *See* Fed. R. Civ. P. 25 (d)(1); Rule 2 (a) of the Rules Governing Habeas Corpus, 28 U.S.C. § 2254 Cases.

about 1 a.m. on April 18, 1992, members of a rival street gang, the Four Corner Hustlers (a street gang associated with the Vice Lords), fired multiple gunshots into the party from railroad tracks behind the house. Two people were killed and five others sustained injuries.

Michael Sullivan and DeAngelo Anderson were identified as two of the offenders from lineups on April 19, and they were taken into custody. Latrice Cooper, the person who held the party, identified Sullivan and Anderson as two of the shooters. On April 18, 1992, Detective Mosher investigated the scene of the crime and recovered nineteen cartridge cases near the railroad tracks. Later that evening, Sullivan accompanied police back to the crime scene to survey the tracks because, according to Officer Cullom, "all the defendants allegedly ran south from the scene and were up there." Mauldin raised no objection to this testimony at trial. At trial, Cooper testified to seeing Sullivan and several detectives walking by the railroad tracks behind her house. She testified that Sullivan was pointing at the tracks. The trial court overruled Sullivan's objection to this testimony.

On April 19, Detective Mosher and Officer Cullom accompanied Sullivan to retrieve a hierarchical list of Vice Lords street gang members from Sullivan's home at 6834 South Dorchester. Officer Cullom and Sullivan then returned to the police station, and later that day Officer Cullom and Sullivan returned to 6936 South Dorchester Street, where Mauldin was arrested. During a sidebar conference, the trial court criticized the State for introducing evidence of Sullivan's presence at the scene of Mauldin's arrest because it created "the obvious inference" that Sullivan confessed to the crime and implicated Mauldin. The prosecutor maintained that he properly adduced evidence of the police officers' investigation without discussing any conversations between Sullivan and police. The court denied defense counsel's motion for a mistrial because although the court issued

a pretrial order barring the police from testifying that they arrested Mauldin after speaking with Sullivan, it did not prohibit the State from mentioning Sullivan's cooperation with police. Furthermore, the trial court had denied Mauldin's motion *in limine* to preclude the State from introducing testimony that Sullivan took the police to various sites to gather evidence during their investigation.

Detective Mosher testified that while in custody, Mauldin admitted that he and the other gang members went to the railroad tracks behind the party and waited for an hour before firing their weapons into the party. Mauldin had a "Mack 11" which held thirteen rounds, and he admitted to firing ten rounds. Mauldin testified, however, that he falsely confessed to the shooting because he feared the repercussions from the Vice Lords if he told the truth. He had attended a meeting of the Vice Lords to discuss shooting Gangster Disciple members prior to the party. At trial, he testified that he was not present at the shooting but had relied on what he had heard from others to form his confession.

Following a 1995 jury trial in the Circuit Court of Cook County, Mauldin was convicted of two counts of first degree murder and five counts of attempted murder. The court sentenced Mauldin to two life terms for the murder convictions and five concurrent 30-year prison terms for the attempted murder counts.

## II. PROCEDURAL HISTORY

### A. Direct Appeal

Mauldin filed a timely appeal to the Illinois Appellate Court, alleging: (1) denial of his Sixth Amendment right to confront witnesses because improper hearsay evidence was admitted which allowed the jury to infer that Sullivan had confessed to the shooting, and which corroborated other

3

state evidence indicating that Sullivan and Mauldin had committed the offense together; and (2) deprivation of a fair trial and due process because the prosecution, during its closing arguments, improperly diminished Mauldin's presumption of innocence and shifted the burden of proof onto him. On August 22, 1997, the Illinois Appellate Court affirmed the judgment of the trial court.

Mauldin then filed a petition for leave to appeal to the Illinois Supreme Court. He raised the following arguments: (1) that he was not proven guilty of murder beyond a reasonable doubt because no witnesses identified him in court and no evidence placed him at the scene of the crime; (2) that during closing argument, Mauldin's right to due process and a fair trial were denied when the prosecutor shifted the burden of proof to Mauldin and violated the presumption of innocence with his comments; and (3) that Mauldin was denied the right to a fair trial when he was not permitted to participate in jury selection, which resulted in a partial and biased jury. The Illinois Supreme Court denied his petition on December 3, 1997.

B.   **Collateral Appeal**

On January 30, 1998, Mauldin filed a post-conviction petition under the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1, *et seq.*, in the Circuit Court of Cook County. He raised five ineffective assistance of counsel claims: (1) trial counsel failed to call a witness Mauldin claims would have testified that (a) Mauldin was at home at the time of the crime; and (b) at the police station following Mauldin's arrest, police refused to allow Mauldin's parents to see him and told his parents that he was not at the police station; (2) trial counsel failed to object to Officer Cullom's hearsay testimony and to the relevancy of Cooper's testimony regarding Sullivan's presence at the crime scene with police officers one night after the shootings; (3) trial counsel neglected to preserve certain issues in his post-trial motion, thereby waiving them for appellate

4

review, including claims that the State engaged in improper closing arguments; (4) appellate counsel failed to call an alibi witness who would have testified that Mauldin was at home at the time of the crime, and that at the police station following his arrest, police refused to allow his parents to see him; and (5) appellate counsel only raised one weak issue on direct appeal, thereby denying him a full and fair appellate review. The Circuit Court of Cook County dismissed Mauldin's claims.

Mauldin sought to appeal this judgment to the Illinois Appellate Court. At this time, the appellate defender sought leave to withdraw as counsel. Mauldin filed a *pro se* brief in support of his post-conviction appeal, in which he asserted the same claims raised in his petition for post-conviction relief. On May 14, 1999, the appellate court allowed the appellate defender to withdraw and affirmed the dismissal of Mauldin's petition for post-conviction relief.

Mauldin filed a petition for leave to appeal to the Illinois Supreme Court, asserting six claims of violations to his Sixth Amendment rights, five of which involved ineffective assistance of counsel claims: (1) trial counsel failed to conduct an adequate investigation into the facts of the case and failed to interview all crucial defense witnesses; (2) trial counsel failed to object to certain remarks made by the prosecutor and failed to demur to the introduction of certain State evidence; (3) trial counsel neglected to raise issues in his post-trial motion, which resulted in a waiver of those issues for purposes of appellate review; (4) appellate counsel provided ineffective representation by failing to raise the claim that Mauldin was not proven guilty beyond a reasonable doubt, where the only evidence against Mauldin was a "coerced inconsistent statement of a minor;" (5) appellate counsel was incompetent for only raising one weak issue on direct appeal, thereby denying Mauldin a full and fair appellate review; and (6) the post-conviction trial court erred when it denied Mauldin a hearing because Mauldin successfully presented to the trial court claims which contained the "gist"

of a constitutional violation. On October 6, 1999, the Illinois Supreme Court denied Mauldin's petition for leave to appeal.

This Court received Mauldin's Petition for Writ of Habeas Corpus on November 5, 1999. In his Petition, Mauldin claims that he was denied: (1) his right to confront witnesses when improper hearsay evidence was introduced through Cooper and Officer Cullom, which allowed the jury to infer that Sullivan had made statements that he and Mauldin were involved in the shooting; (2) due process and a fair trial when the prosecution made improper closing arguments by dismissing Mauldin's right to a presumption of innocence and impermissibly shifting the burden of proof; (3) effective assistance of appellate counsel where counsel failed to raise a sufficiency of the evidence claim on direct appeal; and (4) effective assistance of trial counsel where counsel allegedly failed to investigate, failed to call alibi witnesses, failed to raise proper objections, and failed to argue certain issues in a post-trial motion to preserve issues for appeal.

## II. STANDARD OF REVIEW

Because Mauldin filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, this statute governs the Court's analysis of his petition. *Hardaway v. Young*, 302 F.3d 757, 761 (7th Cir. 2002). Under the AEDPA, a petitioner is not entitled to a writ of habeas corpus unless the challenged state court decision is either "contrary to" or "an unreasonable application of" clearly established federal law as determined by the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 404-05 (2000). A state court's decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth" by the Supreme Court. *Id.* at 405-06. A state court's decision is an "unreasonable application" of federal law if the state court identified the correct legal rule but

unreasonably applied it to the facts of the case. *Id.* at 407; *Matheney v. Andersen*, 253 F.3d 1025, 1041 (7th Cir. 2001). A petitioner may also challenge a state court decision "that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C.A. § 2254 (d)(2).

## III. DISCUSSION

### A. Exhaustion

Before this Court can consider the merits of Mauldin's Petition for Writ of Habeas Corpus, it must determine whether Mauldin exhausted his state remedies by presenting his claims fully and fairly to the highest state court for a ruling on the merits, or that no means of pursuing review remain available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); 28 U.S.C. § 2254 (c). A federal habeas petition "should be dismissed if the prisoner has not exhausted available state court remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The State concedes that Mauldin exhausted his available state court remedies because he filed a petition for leave to appeal to the Supreme Court after both his direct and collateral appeal, and further state court review would be barred by the doctrines of *res judicata* or by waiver. *Gomez v. Acevedo*, 106 F.3d 192, 196 (7th Cir. 1997).

### B. Procedural Default

Before considering the merits of Mauldin's claims, the Court must also determine whether he has avoided procedural default under Illinois law. *Mahaffey v. Schomig*, 294 F.3d 907, 914-15 (7th Cir. 2002). Procedural default occurs when a petitioner fails to comply with state procedural rules. *Id.* at 915. This occurs when the petitioner fails to pursue all appeals required by state law, *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991), or fails to fully and fairly present his federal

claims to the state court. *Boerckel*, 526 U.S. at 844. It also occurs when the state court did not address a federal claim because the petitioner failed to satisfy an independent and adequate state procedural requirement. *Stewart v. Smith*, 536 U.S. 856 (2002). If an Illinois appellate court finds that a claim is waived, that holding constitutes an independent and adequate state ground. *Rodriquez v. McAdory*, 318 F.3d 733, 735 (7th Cir. 2003).

The Court may only reach the merits of a procedurally defaulted claim if the petitioner establishes either cause for his failure to follow a rule of state procedure and actual prejudice, or if he establishes that the default will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). To establish a fundamental miscarriage of justice, the petitioner must present new and convincing evidence of his innocence by showing that it is more likely than not that no reasonable juror would convict him in light of the new evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995).

### 1. Denial of right to confront witnesses

In his habeas petition, Mauldin claims that he was denied his right to confront witnesses when improper hearsay evidence was introduced through Cooper and Officer Cullom, allowing the jury to infer that Sullivan, a non-testifying co-defendant, had made statements that he and Mauldin were involved in the shootings. Although Mauldin raised this issue on direct appeal at the appellate level, he failed to raise this issue in his petition for leave to appeal to the Illinois Supreme Court, and further state court review would be barred by the doctrine of *res judicata* or waiver. *Gomez*, 106 F.3d at 196. Therefore, this claim is procedurally defaulted.

Furthermore, the Illinois appellate court found this claim to be waived with respect to both Cooper's and Officer Cullom's testimony because Illinois law requires an objection be made at trial

and included in a written post-trial motion in order to preserve the issue for review by the state appellate court. 725 ILCS 5/116-1; *Rodriguez v. Peters*, 63 F.3d 546, 564 (7th Cir. 1995); *People v. Reid*, 136 Ill. 2d 27, 554 N.E.2d 174, 179 (1990). Mauldin failed to raise the issue of Cooper's testimony in a post-trial motion, as required by Illinois law, and failed to object or include in a post-trial motion the testimony of Officer Cullom that he went with Sullivan to the railroad. When the state appellate court finds a claim to be waived, "that constitutes an independent and adequate state ground" upon which the Court may rely in denying the claim on the grounds of procedural default. *Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir. 1997).

The appellate court also rejected Mauldin's argument that the purportedly erroneous testimony of Cooper and Officer Cullom rose to the level of plain error and prejudiced Mauldin, thus constituting an exception to the waiver rule. To establish plain error, Mauldin must show that the error adversely affected his right to a fair trial or that the evidence was closely balanced. *People v. Pickens*, 274 Ill. App. 3d 226, 229-30, 653 N.E.2d 778 (1995), citing *People v. Mullen*, 141 Ill. 2d 394, 401-02, 566 N.E.2d 222 (1990). Even where improper remarks have been made, reversal is not warranted unless the remarks were prejudicial to the extent that they were a material factor in the defendant's conviction, and the jury likely would have reached a contrary verdict had the remarks not been made. *People v. Falconer*, 282 Ill. App. 3d 785, 789, 668 N.E.2d 1095 (1996). Because the hearsay evidence did not reveal the substance of conversations between Sullivan and the police, the appellate court held that Mauldin did not show plain error.

Mauldin claims that the appellate court's consideration of his plain error argument raises a question as to whether the appellate court ruled against Mauldin's claims on an independent and adequate state ground. However, the determination that plain error had not occurred is, in itself, an

independent and adequate state law ground which precludes federal review where the state court did not intend to forgive an earlier procedural default and reach the merits of the federal claim. *Willis v. Aiken*, 8 F.3d 556, 566-67 (7th Cir. 1993). In this case, the appellate court did not intend to reach the merits of the federal claim, and Mauldin's claim is thus procedurally defaulted on independent and adequate state grounds.[2] Furthermore, "in post-conviction proceedings, the plain error rule may not be invoked to save procedurally defaulted claims." *People v. Davis*, 156 Ill. 2d 149, 159 (1993). Therefore, Mauldin's claim that he was denied his right to confront witnesses is denied.

### 2. Denial of Due Process and a Fair Trial Due to Prosecutor's Attempt to Discredit Mauldin's Alibi in Closing Argument

Mauldin claims that the prosecutor's closing argument improperly diminished Mauldin's presumption of innocence and impermissibly shifted the burden of proof when the prosecutor attempted to discredit Mauldin's alibi by noting that Mauldin failed to provide witnesses to support his alibi defense. In his closing argument, the prosecutor stated: "Andre tells you that he's at home with his grandmother and several of his uncles. What better person to bring those witnesses in...

---

[2] Even if this Court were to consider the merits of Mauldin's claim, Mauldin's claim would fail. Although a non-testifying co-defendant's confession is inadmissible hearsay, *Bruton v. United States*, 391 U.S. 123, 125 (1968), testimony recounting the steps of a police investigation, including that the police spoke to a co-defendant and subsequently began looking for the defendant, is admissible so long as it does not reveal the substance of the co-defendant's statement. *People v. Henderson*, 142 Ill. 2d 258, 305 (1990); *People v. Rivera*, 145 Ill. App. 3d 609 (1st Dist. 1986). Moreover, Mauldin did not show the error adversely affected his right to a fair trial or that the evidence was closely balanced. *See People v. Keene*, 168 Ill.2d 1 (1995); *People v. Pickens*, 274 Ill. App. 3d 226, 229-30 (1995). The Illinois appellate court explained that neither Cooper's nor Officer Cullom's testimony was as damaging as Mauldin contended because they did not reveal the substance of the conversations between Sullivan and the police. Therefore, Mauldin was not prejudiced by the admission of the alleged hearsay testimony provided by Cooper and Cullom, and if it was error to admit this testimony, it was harmless error as they had no "substantial or injurious effect or influence in determining [the] jury's verdict." *Brecht v. Abrahamson*, 506 U.S. 619, 638 (1993).

than Andre Mauldin, the grandson... the nephew. He didn't bring them in and you must judge his defense, and put it under the same scrutiny as you put the State's case under." Mauldin argues that he did not attempt to bolster his defense with alibi witnesses, and therefore, that he should not have been assessed negatively for failing to produce these witnesses.

Mauldin has procedurally defaulted on this claim because, as explained above, a defendant must not only object to the purported error at trial, but must also include it in a written post-trial motion. 725 ILCS 5/116-1; *Enoch*, 122 Ill. 2d 176, 522 N.E.2d 1124, 1130 (1988). The Illinois appellate court found that this argument was not raised in Mauldin's post-trial motion and was therefore waived under state law. Mauldin's waiver in state appellate court constitutes an independent and adequate state ground for procedural default. *Aliwoli v. Gilmore*, 127 F.3d 632, 634 (7th Cir. 1997); *Patrasso v. Nelson*, 121 F.3d 297, 301 (7th Cir. 1997). Although Mauldin states that there is cause and prejudice and a fundamental miscarriage of justice without federal review, he provides no support for these claims. Therefore, his claim does not satisfy any exception to the procedural default rule.

Mauldin finally argues again that this Court should consider this claim in light of the plain error doctrine, but this doctrine is not an appropriate way to overcome procedural default in post-conviction proceedings. *Davis*, 156 Ill. 2d at 159. Mauldin claims that the appellate court's consideration of his plain argument raises a question as to whether the appellate court ruled against Mauldin's claims on an independent and adequate state ground. However, the determination that plain error had not occurred is, in itself, an independent and adequate state law ground which precludes federal review where the state court did not intend to forgive an earlier procedural default and reach the merits of the federal claim. *Willis*, 8 F.3d at 566-67. In this case, the appellate court

did not intend to reach the merits of the federal claim, and Mauldin's claim is thus procedurally defaulted on an independent and adequate state ground.

C. Merits Discussion

### 1. Denial of Due Process And a Fair Trial Due to Prosecutor's Suggestion of Mauldin's Motive to Lie

Mauldin's first claim that is not procedurally defaulted is his claim that he was denied due process and a fair trial where the prosecution made improper closing arguments suggesting that Mauldin, as a defendant facing several counts of murder and attempted murder, had the greatest motive to lie, thereby diminishing Mauldin's presumption of innocence and impermissibly shifting the burden of proof. Mauldin contends that this argument attacks the defendant solely based on his status as a defendant, thereby diminishing the presumption of innocence in his favor. Mauldin properly raised this claim in his direct appeal at the appellate level and in his petition for leave to appeal to the Illinois Supreme Court.

The Illinois Supreme Court, however, has specifically held that a prosecutor's argument that a defendant is biased by an interest in the outcome of the case is proper and not reversible error because the jury already presumptively knows that the defendant's testimony will be tailored to conform with his interest in acquittal. *People v. Barney*, 176 Ill. 2d 69, 70, 678 N.E.2d 1038 (1997). Although the State may not argue that a defendant's testimony should be disregarded based on his status, "argument that asks the jury to consider a defendant's interest in the outcome of the case in evaluating his credibility is proper." *People v. Falconer*, 282 Ill. App. 3d 785, 790 (1996). The appellate court's application of *Barney* to the facts of the case was not "contrary to" or an "unreasonable application of" federal law because the state appellate court disposed of the claim

12

solely on state law grounds under *Barney*. Nor does Mauldin allege that the state court's opinion was premised upon an inaccurate reading of the facts. Therefore, Mauldin is not entitled to a writ of habeas corpus on this ground.

### 2. Denial of effective assistance of appellate counsel

Mauldin claims that he was denied the effective assistance of appellate counsel where his counsel failed to argue that the evidence developed at trial was insufficient to sustain a guilty verdict. Although Mauldin did not raise this issue on direct appeal, claims of ineffective assistance of counsel are properly adjudicated in post-conviction proceedings. *Massaro v. U.S.*, 538 U.S. 500, 504 (2003); *Davis*, 156 Ill.2d 149. Mauldin properly raised this claim in his petition for post-conviction relief, appealed it to the state appellate court, and then included it in his petition for leave to appeal to the Illinois Supreme Court.

In order to prove ineffective assistance of counsel, Mauldin must prove that, despite a strong presumption of counsel's professional competence, counsel's allegedly unprofessional acts or omissions were "outside the wide range of professionally competent assistance," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 690 (1984). *See also Evitts v. Lucey*, 469 U.S. 387 (1985) (*Strickland* applies to claims of ineffective assistance of appellate counsel). Mauldin has not met this burden. First, appellate counsel is under no constitutional obligation to raise every non-frivolous issue requested by the appellant. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983).

Second, Mauldin could not meet the standard for measuring claims of insufficient evidence even if the claim was raised on appeal. "[T]he relevant question is whether, after viewing the

evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). A rational trier of fact could surely find the elements beyond a reasonable doubt in this case. The result of the proceedings would most likely not have been different because there was a large amount of evidence introduced at trial against Mauldin, including Mauldin's confession, his presence at and participation in a staff meeting of high-ranking Four Corners Hustlers gang members during which plans for the attack were developed, and Mauldin's knowledge of the members involved, plans agreed upon, and weapons used at the scene of the crime.

### 3. Ineffective Assistance of Trial Counsel

Mauldin next claims that he was denied the effective assistance of trial counsel where his trial counsel allegedly: (1) failed to investigate the relevant facts of his case; (2) failed to call alibi witnesses that purportedly would have testified that Mauldin was at home sick at the time of the murders; (3) failed to raise proper objections to Cooper's and Officer Cullom's purported hearsay testimony; and (4) failed to argue certain issues in a post-trial motion to preserve issues for appeal, such as the issue of Cooper's testimony. Although one of these claims, that his trial counsel failed to investigate, was not raised on direct appeal, claims of ineffective assistance of trial counsel, the basis of which does not generally exist in the trial record, are properly adjudicated in post-conviction proceedings, and Mauldin properly raised these claims in his collateral appeal. *Davis*, 156 Ill.2d 149; *Lemons v. O'Sullivan*, 54 F.3d 357, 361 (7th Cir. 1995).

Mauldin has not shown that his trial counsel's acts were outside the range of professionally competent assistance or that the results of the proceeding would have been different but for his counsel's omissions. The Illinois appellate court affirmed the judgment of the post-conviction trial

court and granted the appellate defender's motion to withdraw under *Pennsylvania v. Finley*, 481 U.S. 551 (1987), because Mauldin failed to allege any facts giving rise to a valid claim of constitutional deprivation. In so doing, the appellate court stated that it "carefully reviewed the record" and "defendant's response and the aforesaid brief in compliance with the mandate of *Pennsylvania v. Finley*," and found "no issues of arguable merit." Moreover, there was no prejudice to Mauldin as there was a large amount of evidence – set out by the appellate court and listed above – introduced at trial against Mauldin. Mauldin cannot show that his own confession and detailed knowledge of the crime would have been overcome by alibi witnesses, who were all members of Mauldin's immediate family. Mauldin has also failed to show that any further "investigation" by his attorney could have reasonably swayed the jury to enter a finding of not guilty.

Furthermore, Mauldin's counsel's decision not to object to Cooper and Officer Collum's testimony was not prejudicial. Although a non-testifying co-defendant's confession is inadmissible hearsay, *Bruton*, 391 U.S. at 125, testimony recounting the steps of a police investigation, including that the police spoke to a co-defendant and subsequently began looking for the defendant, is admissible so long as it does not reveal the substance of the co-defendant's statement. *Henderson*, 142 Ill. 2d at 305; *Rivera*, 145 Ill. App. 3d 609. In addition, Mauldin's counsel was under no obligation to preserve each and every issue for appeal, and even if he were, Mauldin has not shown that the Illinois appellate court's decision involved an unreasonable application of federal law as interpreted by the Supreme Court. The appellate court signaled that the result of the trial would not have been different as the court found that his appeal included "no issues of arguable merit." Therefore, Mauldin's petition for writ of habeas corpus on his ineffective assistance of counsel claims are denied.

## V. Conclusion

Each of Mauldin's claims are without merit. His petition is therefore DENIED, and this case is dismissed with prejudice.

IT IS SO ORDERED

Dated: 6/2/04

William J. Hibbler, District Judge